People v Bieneme (2026 NY Slip Op 50301(U))

[*1]

People v Bieneme

2026 NY Slip Op 50301(U) [88 Misc 3d 1232(A)]

Decided on February 17, 2026

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 17, 2026
County Court, Tompkins County

People of the State of
New York

againstOlvin Bieneme, Defendant.

Ind. No. 70451-24

Andrew Kelly, Esq., Tompkins County Assistant District AttorneyLuke
Z. Fenchel, Esq., for Defendant

Scott A. Miller, J.

Defendant stands indicted for, inter alia, Aggravated Driving While Intoxicated/Child in the
Vehicle (Vehicle and Traffic Law § 1192(2-a)(b)), Driving While Ability Impaired by
Drugs (Vehicle and Traffic Law § 1192(4)), and Endangering the Welfare of a Child (Penal
Law § 260.10(1)). Jury selection is scheduled to commence March 3, 2026.
The parties dispute the definition of "impairment" that this Court must charge to the jury.
Defendant urges application of the heightened definition discussed in People v. Caden N., 189 AD3d 84
(3rd Dept. 2020), lv denied 36 NY3d 1050 (2021), which equates impairment by drugs with the
degree of incapacity associated with intoxication — namely, that the defendant was
incapable of employing the physical and mental abilities expected of a reasonable and prudent
driver. The People request that the Court charge the jury under the lesser "to any extent" standard
reflected in People v. Ambrosio,
235 AD3d 1181 (3rd Dept. 2025), lv granted 43 NY3d 967 (2025), and the current Criminal
Jury Instructions. CJI2d[NY] Vehicle and Traffic Law § 1192(4) (rev. Dec. 2021, Jan.
& March 2025).
Following oral argument on December 23, 2025, the Court issued a bench ruling granting the
People's request. This decision memorializes that ruling.
In People v. Caden N., supra, the Third Department considered the degree of
impairment necessary to sustain a conviction for vehicular manslaughter under Penal Law §
125.12(1), where impairment under Vehicle and Traffic Law § 1192(4) served as the
predicate offense. Applying the rationale of People v. Cruz, 48 NY2d 419 (1979), the
Caden N. Court concluded that the impairment necessary to support vehicular
manslaughter must mirror the heightened standard applicable to intoxication by alcohol.
More recently, in Ambrosio, supra, the Third Department addressed whether counsel
was ineffective for failing to request a heightened "intoxication" instruction in a prosecution
under Vehicle and Traffic Law § 1192(4). The Ambrosio Court concluded that
Caden N. did not furnish clear legal authority necessary to require such a heightened
instruction, and the Court emphasized that Caden N. was limited to the vehicular
manslaughter context, i.e., where a defendant is not only facing a VTL § 1192(4) count but
is also charged with vehicular manslaughter. Ambrosio makes clear that Caden N.
did not redefine the definition of impairment [*2]for prosecutions
brought solely under Vehicle and Traffic Law § 1192(4) or § 1192(4-a). That
clarification governs here. Here, Defendant is charged with Vehicle and Traffic Law §
1192(4), and, fortunately, as no death occurred, there is no vehicular manslaughter count. The
vehicular manslaughter statutory framework that informed Caden N. is therefore
absent.
The Fourth Department, in People v.
Dondorfer, 235 AD3d 71 (4th Dept. 2024), unambiguously held that "impaired," as used
in Vehicle and Traffic Law § 1192(4-a), means impairment "to any extent."
The Criminal Jury Instructions Committee revised the VTL § 1192(4) model charge in
December 2021, and again in January and March 2025. The explanatory notes acknowledge the
Caden N., Dondorfer, and Ambrosio holdings. CJI2d[NY] Vehicle and Traffic
Law § 1192(4) (rev. Dec. 2021, Jan. & March 2025). The recommended definition of
impairment in this latest revision is "to any extent." As this recommendation is consistent with
Dondorfer and Ambrosio, this Court will follow such recommendation.
Because this prosecution does not involve vehicular manslaughter, and the defendant is
charged with Vehicle and Traffic Law § 1192(4), the jury will be instructed that impairment
means impairment "to any extent." Accordingly, it is hereby,
ORDERED, that the jury shall be instructed that impairment under Vehicle and
Traffic Law § 1192(4) means that the defendant's ability to operate a motor vehicle was
impaired "to any extent."
This constitutes the Decision and Order of the Court [FN1]
.
Dated: February 17, 2026Hon. Scott A. MillerTompkins County Court Judge

Footnotes

Footnote 1:On the day the Court signed this
Decision and Order, the Court of Appeals affirmed Dondorfer and expressly overruled
Caden N. People v. Dondorfer, Court of Appeals, February 17, 2026, Decision
No. 4; People v. Morel, Court of Appeals, February 17, 2026, Decision No. 3.